STATE, GLOUCESTER LAND COMPANY, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF GLOUCESTER CITY.

The map in the register's office of Camden county, marked "Map of the land of the Gloucester Land Company," in the handwriting of Benja-

min Browning, clerk of said county prior to 1859, is the map referred to in the twenty-first section of the charter of Gloucester City, and operates as a dedication of Hudson street, as laid down on said map.

On *certiorari.*

Argued at June Term, 1881, before Justices DEPUE and VAN SYCKEL.

For the plaintiff, *S. H. Grey.*

For the defendant, *W. H. Jenkins.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff in this case controverts the legality of an ordinance for laying out and opening Hudson street, in the city of Gloucester.

Section 21 of the city charter, under which this ordinance was passed, contains a proviso that said section " shall not extend or apply to the altering or changing of the lines or courses of the streets or alleys as laid out on the plan of lots and streets of ' The Gloucester Land Company,' as recorded in the clerk's office of Camden county."

On the 29th of December, 1879, the Gloucester Land Company filed a map in the county clerk's office, on which Hudson street is laid out at right-angles to Broadway, on land of said company, which the company alleges shows the true location of Hudson street as dedicated by it to the city.

The city produces from the register's office of Camden county, another map, showing that the land company dedicated Hudson street as it is recognized in the ordinance under review. It is shown that this map was in the office of the clerk of Camden county as early as 1865, and that it was marked " Map of the land of the Gloucester Land Company," in the handwriting of Benjamin Browning, who was clerk of said county from 1849 to 1859. It was not marked " filed," but was kept with other maps filed in the office, and on it is

endorsed a resolution of the land company, purporting to be signed by its president, that it be filed in the clerk's office. This map was transferred to the register's office with other maps, when that office was established in 1875.

The twenty-first section of the city charter, before mentioned, passed in February, 1868, refers to a map of lots and streets of the said land company on file in the clerk's office, and there is no evidence to show that any other map had, prior to that time, been filed by said company. Under the evidence in the case, there can be no doubt that this is the map mentioned in the city charter. The effect of it is to dedicate Hudson street as there laid down, and it was not in the power of the relator to retract and annul the prior dedication, by filing a new map in 1879.

The defendant, therefore, had a right to extend Hudson street as laid down upon the earlier map.

A further objection to the proceeding is taken, that the ordinance is not in conformity with the petition.

The petition asks for an ordinance to lay out and open Hudson street upon its present line from Broadway to the new bridge over Newton creek.

The ordinance orders it to be laid out and extended in the same course as Hudson street (south, fifty-one degrees five minutes east,) for a distance of one thousand eight hundred and twenty-two and a half feet; thence in an easterly direction five hundred and forty-one feet, to the centre of the new bridge over Newton creek. The improvement ordered is substantially that applied for, but if there was a departure from the petition, the relator having dedicated the street as far as the West Jersey railroad and owning no lands over which the street is laid east of the railroad, will not be permitted to annul the proceedings. *State, Montgomery pros.*, v. *Inhabitants of Trenton*, 7 *Vroom* 79.

The *certiorari* should be dismissed, with costs.